# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| SAMUEL BAHREINI<br>1 Sutton Terrace<br>Jericho, New York 11753<br><br>    Plaintiff,<br><br>v.<br><br>PAUL ZSEBEDICS<br>9904 Menander Wood Court<br>Odessa, FL 33556<br><br>AND<br><br>AL SIVICK, L/K/A<br>5418 Mountain Road<br>Broad Run, VA 20137<br><br>AND<br><br>MONTGOMERY COUNTY MARYLAND<br>STATE'S ATTORNEYS OFFICE<br>SERVE: Dereck E. Davis<br>Maryland State Treasurer<br>80 Calvert Street<br>Annapolis, Maryland 21401<br><br>AND<br><br>JULIE NEAL<br>Investigator, Montgomery County State's<br>Attorneys' Office<br>50 Maryland Avenue<br>5th Floor, North Tower<br>Rockville, MD 20850<br><br>AND<br><br>HANNAH GLEASON, Assistant State's Attorney,<br>Montgomery County State's<br>Attorneys' Office<br>50 Maryland Avenue | Case No. _____ |

2607157v.1

```
5th Floor, North Tower                          )
Rockville, MD 20850                             )
                                                )
AND                                             )
                                                )
BRYAN ROSLUND, Senior Assistant State's         )
Attorney                                        )
Montgomery County State's                       )
Attorneys' Office                               )
50 Maryland Avenue                              )
5th Floor, North Tower                          )
Rockville, MD 20850                             )
                                                )
                                                )
              Defendants.                       )
```

## COMPLAINT
**(Wrongful, Malicious Prosecution, Violation of Federal and State Civil Rights, Libel, Slander, Defamation, Per Se and Common Law, False Light, Gross Negligence)**

### JURISDICTION AND VENUE

1.     Plaintiff's claims under 42 U.S.C. § 1983 and the United States Constitution give rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.  In addition, this Court has subject matter jurisdiction over the §1983 claim pursuant to 28 U.S.C. § 1343 ("Civil rights and elective franchise" jurisdiction).  This Court has supplemental, and/or pendant subject matter jurisdiction over the remaining claims, including the claims against Montgomery County, Maryland State's Attorney's Office and other Defendants under the State Government Tort Claims Act. This Court has subject matter jurisdiction over the claims against the Defendants pursuant to 28 U.S.C. §§ 1332, et seq., based upon diversity of citizenship, and due to the amount in controversy exceeding $75,000.00.

2.     The Court has personal jurisdiction over Defendants as they have regularly engaged in business in the State of Maryland, and proximately caused Constitutional, Civil Rights, and common law injury in the State of Maryland.

2607157v.1

4. The Montgomery County, Maryland State's Attorneys Office, and its employees and/or agents was/were properly given notice of this claim pursuant to Md. Code S.G. §12-101, et seq., insofar as the Plaintiff served a notice on the Treasurer of the State of Maryland, Dereck E. Davis on or about May 12, 2023.

### The Parties

5. Plaintiff, Samuel Bahreini, is a Jericho, New York resident.

6. Defendant, Paul Zsebedics ("Zsebedics"), is a Hillsborough County, Florida resident located at 9904 Menander Wood Court, Odessa, FL 33556.

7. Defendant, Al Sivick ("Sivick"), is believed to be a Fauquier County, Virginia resident located at, L/K/A, 5418 Mountain Road Broad Run, VA 20137.

8. Defendant, Julie Neal ("Neal"), is an Investigator with the Montgomery County, Maryland State's Attorneys' Office, located at 50 Maryland Avenue, 5th Floor, North Tower. Rockville, MD 20850.

9. Defendant, Hannah Gleason ("Gleason"), is an Assistant State's Attorney with the Montgomery County, Maryland State's Attorneys' Office, located at 50 Maryland Avenue, 5th Floor, North Tower. Rockville, MD 20850.

10. Defendant, Bryan Roslund ("Roslund"), is a Senior Assistant State's Attorney with the Montgomery County, Maryland State's Attorneys' Office, located at 50 Maryland Avenue, 5th Floor, North Tower. Rockville, MD 20850, and at material times, Gleason's supervisor.5.

11. Defendant Montgomery County, Maryland is a local government in the State of Maryland, and employs all previously identified Defendants, except Zsebedics and Sivick. Under the doctrine of *respondeat superior* and/or the governmental action doctrines,

2607157v.1

Montgomery County is also legally responsible, *inter alia,* for the misconduct of Neal, Gleason, and Roslund who are Defendants herein.

12. Upon information and belief, at all relevant times hereto, Defendants Neal, Gleason, and Roslund were employees and/or agents acting at all relevant times within the scope of their employment and/or agency with the Montgomery County, Maryland State's Attorney's Office. At all relevant times, Defendants Neal, Gleason, and Roslund knew of adverse information, and general falsity of criminal claims asserted against Bahreini by Zsebedics and Sivick, yet, despite mandatory, nondelegable duties to report, and act upon said adverse information, intentionally, maliciously, recklessly, and/or with reckless disregard failed and/or refused to do so. Defendants, Neal, Gleason, and Roslund are sued in their individual and, where applicable, official, capacities.

## Facts

13. From February 01, 2003 through December 2010, Bahreini worked as Chief Operating Officer and Vice President for large wholesalers and retailers within the wireless cell phone industry. During his tenure at these companies, Bahreini learned the wireless retail, and cell phone industry.

14. Defendant, Zsebedics was originally a friend of Alfredo Diaz, Bahreini's father in law. On March 08, 2008, Bahreini married Alejandra Diaz, and Zsebedics and his wife attended the wedding.

15. Zsebedics and Bahreini discussed business and opportunities over the next two years culminating into the decision to start retail stores as a foundation for Bahrieni's software ideas in retail.

2607157v.1

16. On May 14, 2010, Zsebedics, Bahreini, and Zsebedics' business partner, Al Sivick formed MobileRev, LLC ("MobileRev") to become an independent Cell Phone Dealer. Bahreini provided practical, actual cell phone industry knowledge. Zsebedics and Sivick supplied capital, and prior, general business knowledge. Neither Sivick, nor Zsebedics had any previous cell phone industry knowledge without Bahreini.

17. Although Bahreini was subject to a three year non compete with his prior employer, in 2010, Bahreini began setting up MobileRev, including systems, back end, and POS systems. Initially, at the formation of MobileRev, Bahreini was intended to be an equal one third partner/owner in MobileRev, but could not do so openly due to his non-compete.

18. MobileRev opened its first store in January, 2011. MobileRev was, overall, a successful business. In early 2016, the wireless carrier was forcing smaller dealers to grow to a certain number of locations, or sell themselves to larger dealers. Bahreini lead the effort to acquire other dealers, but he and Zsebedics were ultimately unsuccessful. The decision was made to sell MobileRev. On December 31, 2016, MobileRev was sold for $2.3 Million. The sale was orchestrated by Bahreini. Following the sale, Bahreini expected to receive one third of the proceeds, or $766,666.66. Bahreini was denied any sale proceeds by Zsebedics and Sivick.

19. On January 20, 2017 Zsebedics convinced Bahreini to sign a release and settlement for MobileRev prior to the final settlement and closing on the sale of MobileRev to ensure a pending wage lawsuit settlement would be paid, and Bahreini would not be responsible for any liability.

20. In addition to operating MobileRev, Bahreini conceptualized a virtual planogram and remote task management program, and with Zsebedics formed VoloForce, LLC ("VoloForce") as a business entity to market, sell, and maintain the virtual program. VoloForce

was formed March 21, 2012. Zsebedics and Bahreini's wife, Alejandra Bahreini were each named 50% owners of VoloForce. Bahreini named his wife, nominal 50% owner of VoloForce as an estate planning protection as Bahreini did not have a formal estate plan at the time and had personal experience with tragedy and loss. Bahreini did this in order to protect his wife and family in case of any unfortunate events occurring.

21. In July, 2014, Zsebedics moved his residence from Maryland to Tampa, Florida. Zsebedics and Sivick, in 2017, began, primarily through lawyers, to attempt to wrest total control of VoloForce from Bahreini. After negotiations, and lawyer letter writing efforts broke down, on January 26, 2018, Bahreini filed a civil suit against Zsebedics and Sivick in Hillsborough County, Florida, where Zsebedics allegedly had moved the headquarters of VoloForce, and where Zsebedics lives ("Florida Lawsuit").

22. In a March 19, 2018 response and affirmative defense served and filed by Zsebedics and Sivick in the Florida Lawsuit on behalf of MobileRev and VoloForce, Bahreini learned he was the target of a Montgomery County, Maryland State's Attorney Office ("SAO") criminal investigation begun by false and fraudulent allegations, and claims initiated by Zsebedics and Sivick.

23. On July 27, 2018, the SAO sent the Bahreinis a "Target Letter" listing, *inter alia*, MobileRev and VoloForce as co criminal complainants. Going forward, the SAO consistently, knowingly, intentionally, wrongly contended the Florida Lawsuit regarding ownership of MobileRev and VoloForce had "nothing to do with" the criminal charges being initiated by Zsebedics and Sivick through the SAO.

24. On October 14, 2020, the Bahreinis were charged through a criminal information from the SAO. The SAO's investigation leading up to the charges was riddled with malicious,

2607157v.1

knowing, and intentional deficiencies, mischaracterizations, disingenuous conclusions, ignoring of clearly exculpatory evidence, inept, and inadequate investigation, intentional, and knowing manipulation of conclusions, and gross negligence, including, but not limited to:

1. On October 14, 2020, Defendant was indicted through criminal information on one felony charge for a theft scheme of over $100,000, and three misdemeanor charges: conspiracy to commit a theft scheme of over $100,000, embezzlement, and willful filing of a false 2016 tax return. These charges arose from allegations that Bahreini conspired with another employee to steal roughly $593,000 from Bahreini's employer, MobileRev LLC, of which Bahrein was a partner.

2. The State brought these charges against Bahreini 2 years, 8 months, and 18 days after the Florida Lawsuit civil lawsuit was filed to resolve these same allegations. The criminal prosecution originated through an organized effort by the alleged victims, Zsebedics and Sivick—two wealthy, out-of-state white men who recruited and weaponized the State to bolster their civil counter claim in Florida State court against Bahreini. The Florida Lawsuit is predicated on the same facts at issue in the Florida Lawsuit. The alleged victims began their plan to weaponize the State against Bahreini in early April 2017, when they began to leave threatening voicemails to employees that if they didn't cooperate by telling employees "The State of Maryland was going after Sam," "Otherwise they're going to come investigating you as well." The alleged victims selectively shared information to paint a deceptive picture for the State, and the State's investigators and prosecutors accepted that select information as the whole truth without further investigation.

3. Of the 250-plus employees the State could have interviewed at Mobile Rev, they chose to interview only four that were handpicked for the State by the alleged victims. In the 5 years that Ms. Neal had to review MobileRev company credit card receipts prior to trial, Ms. Neal felt it appropriate to only review 6 total receipts out of five thousand plus transactions in order to recommend charges. Ms Neal knowingly, intentionally, with malice, and/or gross negligence selectively investigated specific receipts to ignore thousand of exculpatory receipts, so as to inteionally get to her conclusion that Bahreini was guilty of felony theft. All this happened in direct defiance of a longstanding practice and policy of the SAO to allow ongoing civil disputes to resolve issues of financial liability in commercial disputes before even considering bringing criminal charges on those same facts. Of course, once the financial issues are sorted out, the State rarely, if ever, subsequently brings criminal charges. The State's willful submission to Zsebedics and Sivick's requests, in violation of its own decades-old policy, can only be explained in terms of intentional, knowing, malicious, and/or grossly negligent raw racial bias and animus against Bahreini, in violation of his constitutional rights. It should be noted that the United States government and the vast majority

of prosecutors' offices in the United States all embrace this logical and constitutionally sound policy. Rather than consider the brown skinned, middle eastern Bahreini an equal business partner, the State classified Bahreini as a lower subordinate when the two wealthy white alleged victims stripped Bahreini of his partnership role to diminish his position and compelled the state to open a baseless criminal investigation, and press charges.

4. Seeking to ward off these facts from the jury and hinder Bahreini from presenting his defense, on December 17, 2021, the State filed a motion *in limine* to prohibit any reference by Bahreini to "policies of the State's Attorney's Office" regarding charging decisions in the trial. The SAO's motion illustrates serious constitutional defects in its prosecution in willfully, maliciously, intentionally, and with reckless disregard covering up its policy to not prosecute alleged economic crimes when there is a pending, parallel, civil suit such as the Florida Lawsuit.

5. Bahreini, a brown man of middle eastern and Persian descent, and his wife, a Hispanic woman, are currently engaged in the Florida Lawsuit against Zsebedics and Sivick—two wealthy white men. The litigation involves, inter alia, Bahreini's contention that both he and his wife were equal partners in related companies, MobileRev and VoloForce along with Zsebedics and Sivick.

6. The Florida Lawsuit was initiated prior to the criminal prosecution, and has run concurrently with the criminal prosecution. Thus it is beyond doubt, and clear and convincing, Zsebedics and Sivick weaponized the SAO to pursue a groundless criminal prosecution, in violation of openly known SAO policies against running a criminal prosecution for alleged economic crimes which are the subject of the civil suit. Zsebedics' and Sivick's intent was an attempt to gain an upper hand in the Florida Lawsuit through the SAO.

7. The Florida Lawsuit—and the Florida Lawsuit alone—prompted the SAO's involvement in its criminal pursuit of Bahreini. On June 6, 2017, at approximately 11:07 PM EST, Zsebedics and Sivick contacted SAO Investigator, David Newcomer after numerous legal demands for restored access to Bahreinis companies had been made. In essence, Zsebedics and Sivick acted first to recruit the State to their side of the Florida Lawsuit, and leveraged the full power of the State. The SAO did so knowingly, recklessly, and willfully in violation of the long-standing and well-principled policy for no other articulable reason than Bahreini is a person of color, and in hopes of obtaining a high profile economic criminal conviction.

8. Constitutional rights are implicated when the government prosecutes a defendant while he is a plaintiff in a civil suit involving the very same issues. For a criminal defendant, this situation "is fraught with peril: He risks tipping his hand as to his defense strategy, undermining his [Fifth Amendment] privilege against self-incrimination, and taking on discovery obligations not required in the

criminal context." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (finding that defendant's claim for civil rights deprivation after he was allegedly prosecuted using fabricated evidence did not start running until after his acquittal).

9. The SAO violated its own internal policies as well as equal protection and the Fifth Amendment by bringing criminal charges against Bahreini in parallel with Bahreini's own civil lawsuit, and the counter claim of Zsebedics and Sivick. The SAO, knowingly, maliciously, intentionally, with gross negligence, and deliberate indifference to Bahreini's Constitutional, Federal and State, rights, and protections, and. contrary to its own internal policies, intervened in a pending civil case. The criminal charges were, thus, in direct violation of the SAO's internal policy on parallel civil-criminal proceedings, as well as Federal, and State Constitutional protections.[1]

11.     Bahreini first learned of the criminal investigation when Zsebedics and Sivick filed their counterclaim against him in March 19, 2018, alleging that "Maryland has opened an investigation and appointed a prosecutor" to investigate. Bahreini then attempted to contact the named prosecutor, and instead received a response from Julie Neal, an investigator from the SAO. Bahreini then shared with Ms. Neal the scope of allegations not only in Zsebedics' and Sivick's counterclaim, but also in Bahreini's original complaint against Zsebedics and Sivick. Bahreini also provided extensive documentation rebutting, line-by-line, Zsebedics' and Sivick's counterclaim allegations. Ms. Neal never addressed Bahreini's evidence, and instead indiscriminately, knowingly, intentionally, with deliberate indifference for the truth, proceeded forward with the criminal prosecution at the direction of alleged victims, Zsebedics and Sivick. Numerous emails show in State's evidence from the criminal trial clearly and convincingly show the intentional, knowing, malicious, deliberate indifference to the truth, and lack of Bahreini's presumption of innocence. Ms. Neal was, on March 20, 2018, presented with an email string by and between Zsebedics and Sivick spanning April 7-8, 2014 wherein, the two discussed sharing, equally, with Bahreini, one third of the ownership of MobileRev in exchange for Sivick receiving shares of VoloForce from Bahreini and Zsebedics. The string also, clearly and convincingly shows Bahreini ran MobileRev, and worked harder than anyone else at the company. The SAO, Zsebedics, and Sivick admitted the authenticity of the email to Julie Neal in emails and correspondences throughout the five years and at the criminal trial of Bahreini. The email string definitively proved, through the written admissions of Zsebedics and Sivick, that 50% of VoloForce was owned by Bahreini, and Bahreini ran the day to day operations of MobileRev, with full knowledge, approval, and on behalf of Zsebedics and Sivick. This "smoking gun" evidence was knowingly, intentionally, maliciously, and grossly negligently ignored, with deliberate indifference, by Ms. Neal and the SAO, including, specifically, Gleason and Roslund. Instead, Ms. Neal sent Bahreini a target letter

on July 27, 2018, and identified his involvement in both Mobile Rev LLC and VoloForce LLC, even though the State's subsequent Bill of Particulars only addressed his involvement in Mobile Rev LLC.

12. By filing criminal charges, and going to trial on those charges, on top of ongoing civil litigation, the SAO knowingly, intentionally, recklessly, with deliberate indifference violated Bahreini's Fifth Amendment, and Maryland State Constitution Article 22 rights. Article 22's, and the Fifth Amendment's protections against self-incrimination apply with full force to civil proceedings. *Moser v. Heffington*, 465 Md. 381, 397 (Md. 2019) ("Although the language of the Fifth Amendment refers specifically to criminal cases, the privilege against self-incrimination applies in the civil context."). The SAO policy exists to address this concern. By running roughshod over their policy, the SAO forced Bahreini to choose between either waiving his Article 22 and Fifth Amendment rights by testifying, or damaging his civil case by invoking his Article 22 and Fifth Amendment rights to remain silent, which would create an adverse inference in the civil case. That dilemma was wholly unnecessary, and in direct violation of Bahreini's Constitutional rights.

13. The parallel prosecution also ran afoul of equal protection principles because the SAO violated its own policies for the sole, knowing, intentional, reckless, deliberately indifferent purpose of bringing baseless criminal charges, based on knowingly, intentionally, reckless, deliberately indifferent manipulated and pre-selected evidence provided to them by two out-of-state white males, against a brown man of middle eastern descent and his wife, a Hispanic woman. The SAO knowingly, intentionally, recklessly, with deliberate indifference engaged in unlawful race-based selective prosecution for over five years, ending in an unsuccessful five day criminal, jury trial. A white investigator, and two white prosecutors knowingly, intentionally, recklessly, with deliberate indifference, and gross negligence, intentionally violated their Office's own known, long-standing internal policies in these circumstances, and is, in itself, clear and convincing evidence of race discrimination, and a racially motivated felony, criminal prosecution that resulted in acquittal.

14. The baseless 5 year criminal prosecution of Bahreini substantially harmed Bahreini's reputation in the business world, and personal life. T caused him to incur hundreds of thousands of dollars in unnecessary legal fees, and caused severe mental anguish that required ongoing therapy.

24. The malicious, knowing, intentional, deliberately indifferent initiation of public, false, criminal charges against Bahreini by the SAO, Zsebedics and Sivick amounted to malicious prosecution, slander, defamation, both per se, and common law, and false light, as well as violations of Bahreini's Constitutional protections.

2607157v.1

## COUNT I
### (Wrongful, Malicious Prosecution)

25. Paragraphs 1-24, inclusive, are incorporated herein as if fully set forth.

26. Neal, Gleason, and Roslund initiated a criminal prosecution against, inter alia, Bahreini, through criminal information, not a grand jury indictment, for *inter alia*, felony theft that resulted in a not guilty verdict after a five (5) day jury trial in August, 2022. By filing criminal charges, and going to trial on those charges, on top of ongoing civil litigation, the SAO knowingly, intentionally, recklessly, with deliberate indifference violated Bahreini's Fifth Amendment, and Maryland Article 22 rights - specifically the Article 22, and Fifth Amendment's protection against self-incrimination. The criminal charges were thus in direct violation of the SAO's internal policy on parallel civil-criminal proceedings.

27. There was no probable cause for the proceeding as evidenced by the central complainants,' Zsebedecis and Sivick's trial testimony wherein they conceded Bahreini could pay himself what he wanted, and the authentication of the April 7-8, 2014 email exchange between Zsebedecis and Sivick that 50% of VoloForce was owned by Bahreini, and Bahreini ran the day to day operations of MobileRev, with full knowledge, approval, and on behalf of Zsebedics and Sivick.

28. A white investigator, and two white prosecutors knowingly, intentionally, recklessly, with deliberate indifference, and gross negligence, intentionally violated their Office's own known, long-standing internal policies in these circumstances, and is, in itself, clear and convincing evidence of race discrimination, and the prosecution amounted to a five (5) year long, malicious, racially motivated felony, criminal prosecution that resulted in acquittal that was not based on probable cause.

2607157v.1

WHEREFORE, plaintiff, Samuel Bahreini requests that this Court enter judgment in his favor and against defendants Neal, Gleason, Roslund, and Montgomery County Maryland, jointly and severally as follows:

(a)   Award Bahreini compensatory damages in an amount to be proven at trial, but no less than $5,000,000.00, incurred as a result of the malicious prosecution alleged in this lawsuit;

(b)   Award Bahreini $5,000,000.00 in punitive damages;

(c)   Award Bahreini his attorneys' fees and costs of this action as may be permissible by fact and law

(d)   Award Bahreini prejudgment and post judgment interest; and

(e)   award such other and further relief as justice may require.

## COUNT II
### (Violation of Federal and State Civil Rights)

29.   Paragraphs 1-28, inclusive, are incorporated herein as if fully set forth.

30.   Neal, Gleason, Roslund, and Montgomery County, Maryland initiated a groundless five (5) criminal prosecution against, inter alia, Bahreini, through criminal information, not a grand jury indictment, for inter alia, felony theft that resulted in a not guilty verdict after a five (5) day jury trial in August, 2022. By filing criminal charges, and going to trial on those charges, on top of ongoing civil litigation, the SAO knowingly, intentionally, recklessly, with deliberate indifference violated Bahreini's Fifth Amendment rights, and his Maryland State Civil Rights, under Article 22 of the Maryland Constitution . The Fifth Amendment, and Article 22's protections are against self-incrimination. The criminal charges were thus in direct violation of the SAO's internal policy on parallel civil-criminal proceedings.

31.   Further, the parallel prosecution also ran afoul of equal protection principles because the SAO violated its own policies for the sole, knowing, intentional, reckless,

2607157v.1

deliberately indifferent purpose of bringing baseless criminal charges, based on knowingly, intentionally, reckless, deliberately indifferent manipulated and pre-selected evidence provided to them by two out-of-state white males, against a brown man of middle eastern descent and his wife, a Hispanic woman. The SAO knowingly, intentionally, recklessly, with deliberate indifference engaged in unlawful race-based selective prosecution for over five years, ending in an unsuccessful five day criminal, jury trial.

WHEREFORE, Bahreini requests that this Court enter judgment in his favor and against defendants Neal, Gleason, Roslund, and Montgomery County Maryland, jointly and severally as follows:

(a)  Award Bahreini compensatory damages in an amount to be proven at trial, but no less than $5,000,000.00, incurred as a result of the malicious prosecution alleged in this lawsuit;

(b)  Award Bahreini $5,000,000.00 in punitive damages;

(c)  Award Bahreini his attorneys' fees and costs of this action as may be permissible by fact and law

(d)  Award Bahreini prejudgment and post judgment interest; and

(e)  Award such other and further relief as justice may require.

### COUNT III
### (Libel, Slander, False Light)

32. Paragraphs 1-31, inclusive, are incorporated herein as if fully set forth.

33. Words that falsely impute criminal conduct to a plaintiff are, as a matter of fact and law, defamatory.

34. All Defendants made defamatory statements to third persons regarding Bahreini by claiming, falsely, he committed criminal acts. All Defendants are legally at fault in making the false

statements, and caused Bahreini reputational, financial, and emotional harm over a five year investigative prosecution and jury trial that ended in acquittal.

35. All Defendants made the defamatory statements to third persons regarding Bahreini intentionally, maliciously, recklessly, and/or with reckless disregard, in part, so as to engage in unlawful race-based selective prosecution for over five years, ending in an unsuccessful five day jury trial, and so that it is beyond doubt, and clear and convincing, Zsebedics and Sivick weaponized the SAO to pursue a groundless criminal prosecution, in violation of openly known SAO policies against running a criminal prosecution for alleged economic crimes which are the subject of the Florida Lawsuit so as to gain advantage in the Florida Lawsuit by casting him in the false light of being a criminal.

WHEREFORE, Bahreini requests that this Court enter judgment in his favor and against defendants Neal, Gleason, Roslund, Montgomery County Maryland, Zsebedics, and Sivick, jointly and severally, as follows:

(a) Award Bahreini compensatory damages in an amount to be proven at trial, but no less than $5,000,000.00, incurred as a result of the malicious prosecution alleged in this lawsuit;

(b) Award Bahreini $5,000,000.00 in punitive damages;

(c) Award Bahreini his attorneys' fees and costs of this action as may be permissible by fact and law

(d) Award Bahreini prejudgment and post judgment interest; and

(e) Award such other and further relief as justice may require.

## COUNT IV
### (Libel, Slander, False Light Per Se)

36. Paragraphs 1-35, inclusive, are incorporated herein as if fully set forth.

37. Words that falsely impute criminal conduct to a plaintiff are, per se, defamatory.

2607157v.1

38. All Defendants made the defamatory statements to third persons regarding Bahreini by claiming, falsely, he committed criminal acts. All Defendants are legally at fault in making the false statements, and caused Bahreini reputational, financial, and emotional harm over a five year investigative prosecution and jury trial that ended in acquittal.

39. All Defendants made the defamatory statements to third persons regarding Bahreini intentionally, maliciously, recklessly, and/or with reckless disregard, in part, so as to engage in unlawful race-based selective prosecution for over five years, ending in an unsuccessful five day jury trial, and so that it is beyond doubt, and clear and convincing, Zsebedics and Sivick weaponized the SAO to pursue a groundless criminal prosecution, in violation of openly known SAO policies against running a criminal prosecution for alleged economic crimes which are the subject of the Florida Lawsuit so as to gain advantage in the Florida Lawsuit by casting him in the false light of being a criminal.

WHEREFORE, Bahreini requests that this Court enter judgment in his favor and against defendants Neal, Gleason, Roslund, Montgomery County Maryland, Zsebedics, and Sivick, jointly and severally, as follows:

(a) Award Bahreini compensatory damages in an amount to be proven at trial, but no less than $5,000,000.00, incurred as a result of the malicious prosecution alleged in this lawsuit;

(b) Award Bahreini $5,000,000.00 in punitive damages;

(c) Award Bahreini his attorneys' fees and costs of this action as may be permissible by fact and law

(d) Award Bahreini prejudgment and post judgment interest; and

(e) Award such other and further relief as justice may require.

## COUNT V
### (Gross Negligence)

2607157v.1

40. Paragraphs 1-39, inclusive, are incorporated herein as if fully set forth.

41. By making the made the false, defamatory statements to third persons regarding Bahreini he committed criminal acts, all Defendants intentionally, maliciously, recklessly, and/or with reckless disregard, in part, so as to engage in unlawful race-based selective prosecution for over five years, ending in an unsuccessful five day jury trial, and so that it is beyond doubt, and clear and convincing, Zsebedics and Sivick weaponized the SAO to pursue a groundless criminal prosecution, in violation of openly known SAO policies against running a criminal prosecution for alleged economic crimes which are the subject of the Florida Lawsuit so as to gain advantage in the Florida Lawsuit by casting him in the false light of being a criminal.

42. In doing so, all Defendants intentionally, maliciously, recklessly, and/or with reckless disregard failed to avoid harming the life and/or property of Bahreini amounting to gross negligence.

WHEREFORE, Bahreini requests that this Court enter judgment in his favor and against defendants Neal, Gleason, Roslund, Montgomery County Maryland, Zsebedics, and Sivick, jointly and severally, as follows:

(a) Award Bahreini compensatory damages in an amount to be proven at trial, but no less than $5,000,000.00, incurred as a result of the malicious prosecution alleged in this lawsuit;

(b) Award Bahreini $5,000,000.00 in punitive damages;

(c) Award Bahreini his attorneys' fees and costs of this action as may be permissible by fact and law

(d) Award Bahreini prejudgment and post judgment interest; and

(e) Award such other and further relief as justice may require.

Respectfully submitted,

2607157v.1

THE LAW OFFICE OF CLIFTON M. MOUNT, PLLC

By: _____
Clifton M. Mount, Esquire, No. 09224
1627 K Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 262 9125 telephone
cliftonmount@yahoo.com

Counsel for Plaintiff, Samuel Bahreini

**JURY DEMAND**

Plaintiff hereby demands, pursuant to FRCP Rule 38, trial by jury as to all issues so triable.

_____
Clifton M. Mount

17

2607157v.1